# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DENNIS NELSON,** : | |
| : | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** : | |
| : | **1:14-cv-2851-ELR-JFK** |
| v. : | |
| : | |
| : | |
| **TED JACKSON (in his official** : | |
| **capacity as Sheriff of Fulton** : | |
| **County)** : | |
| : | |
| **Defendant.** : | |
| _____ : | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW Defendant Ted Jackson, in his official capacity as Sheriff of Fulton County, Georgia ("Defendant"), by and through its undersigned attorneys of record, and files this Response to Plaintiff's Objections to the Magistrate Judge's Final Report and Recommendation on Plaintiff's Motion for Partial Summary Judgment, stating as follows:

### I.   STANDARD OF REVIEW

1

The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The District Court Judge must "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir. 1990).

## II.   ARGUMENT AND CITATION TO AUTHORITY

Plaintiff has objected to the Magistrate's Report and Recommendation [Doc. 63] asserting that "[t]he Magistrate Judge erred in failing to make a finding as to whether Plaintiff has a "disability" within the meaning of the Rehabilitation Act as a matter of law." [Doc. 87, p. 2]. Plaintiff's Objection should be overruled because there is insufficient evidence in the record from which the Court could find, as a matter of law, that Plaintiff has a "disability" for purposes of his claims under the Rehabilitation Act.

For an impairment to constitute a "disability" for purposes of the Rehabilitation Act, it must substantially limit a major life activity:

> An impairment is substantially limiting if it renders a person '(i) [u]nable to perform a major life activity that the average person in the general population can perform; or (ii)[s]ignificantly restricted as to the condition, manner or duration under which an individual can

2

perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.'

Hubmann v. Young, 2010 WL 3789102, at 3 (N.D. Fla. Sept. 22, 2010)(quoting 29 C.F.R. § 1630.2(j)(1)).

Plaintiff rests his assertion that he has a "disability" on his diagnosis in 2007 with sleep apnea. It is not enough, however, for Plaintiff to say that he has been diagnosed with sleep apnea or even that he receives treatment for it. Instead, Plaintiff must adduce sufficient specific facts to show that this impairment substantially limits his ability to perform a major life activity, i.e., sleep. Vague or conclusory evidence is insufficient to support a judgment in his favor. Vaughan v. World Changers Church Int'l, Inc., 2014 WL 4978439, at 10 (N.D. Ga. Sept. 16, 2014)(evidence in the record suggestive of disability too undeveloped for jury to draw inference that plaintiff suffered from a disability).

Plaintiff's medical testimony is minimal at best. Although Plaintiff's treating physician could properly testify as to her diagnosis of Plaintiff with sleep apnea and her recommendations that Plaintiff should use a CPAP machine and maintain a regular sleep schedule, the Magistrate refused to consider "Dr. Turner's interpretation of a sleep study and her opinions regarding the risks associated with

3

sleep apnea that Plaintiff would face if he did not follow her recommended treatment" because Plaintiff had not properly designated her as an expert witness. [Doc. 85, p. 5-6]. Plaintiff's own testimony is short, vague and conclusory: "Frequent interruptions of my sleep schedule have significant adverse effects upon my ability to sleep and general health." [Doc. 66-3, ¶ 11].

Beginning in July 2010, Plaintiff was "required to work at least two full evening shifts and two morning shifts per month" in addition to attending meetings during the day. [Doc. 66-7, p. 3]. Even though Plaintiff testified that he was required to work double shifts and many days without a day off [Doc. 66-3, ¶8], he provided no testimony from which the Court could find that this irregular schedule limited his ability to sleep.

Had Plaintiff come forward with evidence that the irregular shifts that he was required to work resulted in any adverse impact on his ability to sleep or upon his general health, Plaintiff would then have to show how his impairment substantially limited his ability to perform a major life activity "as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(ii). In this regard, Plaintiff has failed to adduce <u>any</u> evidence from which the Court could find that any limitation created by his sleep apnea is more than that experienced by "most people in the general population." The evidence is simply not in the record.

4

### III. CONCLUSION

Plaintiff has failed to come forward with evidence upon which the Court could find, as a matter of law, that Plaintiff has an impairment that substantially limits his ability to sleep compared to the general population. Accordingly, Plaintiff's Objection is due to be overruled.

Respectfully submitted, this 15th day of June, 2016.

OFFICE OF THE COUNTY ATTORNEY

*/s/ Paula Marie Rafferty*
Paula Marie Rafferty
Georgia Bar No. 590756

141 Pryor Street, Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (fax)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DENNIS NELSON,** : | |
| : | **CIVIL ACTION FILE NO.** |
| **Plaintiff,** : | |
| : | **1:14-cv-2851-ELR-JFK** |
| v. : | |
| **TED JACKSON (in his official** : | |
| **capacity as Sheriff of Fulton** : | |
| **County)** : | |
| : | |
| **Defendant.** : | |
| _____ : | |

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on this 16th day of June 2016, I presented this document in Times New Roman, 14 point type in accordance with L.R. 5.1(c) and that I electronically filed the foregoing DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT with the Clerk of Court, using the CM/ECF System which will automatically send email notification of such filing to all attorneys of record.

/s/ *Paula Marie Rafferty*
Paula Marie Rafferty
Ga. Bar No. 590756
paula.rafferty@fultoncountyga.gov

6

**OFFICE OF THE COUNTY ATTORNEY**
141 Pryor Street, Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (fax)